**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
          bscott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HOFER, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | <u>JURY TRIAL DEMANDED</u> |
| STANLEY STEEMER INTERNATIONAL, INC., | |
| Defendant. | |

Plaintiff Gregory Hofer ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Stanley Steemer International, Inc. ("Defendant" or "Stanley Steemer"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action suit brought against Stanley Steemer for surreptitiously monitoring and recording telephonic communications between customers and its customer service agents without first providing notice or obtaining the customer's consent.

2. Stanley Steemer is a commercial and residential cleaning service operating throughout the United States. It has 19 locations in California alone.

3. As a cleaning service, Defendant often provides customer support over the phone. Defendant monitors and records these calls, but they don't disclose this fact to customers.

4. Because Defendant fails to disclose when it records its telephonic communications with customers, Defendant violated and continues to violate the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 632 and 632.7.

5. Both Cal. Penal Code §§ 632 and 632.7 protect the privacy of California residents. Secretly monitoring and recording telephonic communications interferes with an important privacy interest – an individual's right to control the nature and extent of the information they disclose.

6. Plaintiff brings this action on behalf of himself and a class of all persons whose telephonic communications were surreptitiously recorded by Defendant.

**PARTIES**

7. Plaintiff Hofer is a California citizen residing in San Anselmo, California. He is a domiciliary of California.

8. Defendant Stanley Steemer is headquartered in Dublin, Ohio. Founded in 1947, Stanley Steemer offers commercial and residential cleaning services nationwide, operating over 275 franchises and over 50 company-owned locations across 49 states.

**JURISDICTION AND VENUE**

9.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is a citizen of a state different from Defendant.

10.  This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendant's forum-related activities. Furthermore, a substantial portion of the events, omissions, and acts giving rise to the Plaintiff's claims occurred in this District.

11.  Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial portion of the events, omissions, and acts giving rise to the Plaintiff's claims occurred in this District.

**FACTUAL ALLEGATIONS**

12.  Stanley Steemer is a residential and commercial cleaning service operating over 275 franchises and over 50 company-owned locations across 49 states, including 19 locations in California.

13.  As with any large corporation, Defendant must field customer inquiries, enable customers to request quotes and schedule appoints, and provide support for issues that may arise with its reservations. For that purpose, Defendant supplies a separate customer service number: 1-800-783-3637.

14.  Upon dialing this number, customers are greeted with a menu to direct them to the appropriate agent. For example, a customer may select between commercial cleanings or other calls. Customers are then connected to an automated or live service agent.

15.  When the customer-agent interaction begins, Stanley Steemer does not inform customers that the call is recorded, nor does it obtain the customer's consent. Consequentially, customers have a reasonable expectation of privacy in any information that they divulge, including personal identifiable information or information about their transaction history with the Defendant.

16. At no point during the call does Stanley Steemer disclose that the conversation between the customer and the agent is being recorded, including through software provided by Genesys Cloud Services, Inc. ("Genesys") and Nextiva, Inc. ("Nextiva").

17. Defendant admits in its privacy policy[1] that it records customer-agent calls: "When you call our National Customer Contact Center, we collect information including call time, contact information, and call recording information used to effectuate your request made by you." Its privacy policy also states, "In some cases, we may record calls with your consent."

18. Defendant also admits that they record customer service calls in their California Privacy Notice[2] and San Diego CCPA Privacy Notice.[3]

> **Categories of Personal Information That We Collect: Electronic and Sensory Data** – such as audio, electronic, visual, or similar information (e.g., pictures, a recording of a customer service call, security video surveillance footage).
>
> **Categories of Third Parties to Whom We Disclose Personal Information for Business Purpose:**
> - Service Providers
> - Government entities, law enforcement, lawyers, auditors, consultants and other parties as required by law

> **Voice Processing Technologies.** Voice processing technologies record your interactions with our National Customer Contact Center and collect data to effectuate requests made by you. We maintain audio recording of your interactions with our National Customer Contact Center to complete your instructions or requests and to improve our delivery of products and services. In most circumstances, such audio recordings are destroyed with forty-five (45) of their creation. We may use non-audio data associated with the collection for additional purposes such as data analytics and otherwise in accordance with this Privacy Policy.

> **Other Transactions.** We may offer you other opportunities to transact with us through the Website, our National Customer Contact Center and/or our Business Applications. If you conduct transactions through the Website or our National Customer Contact Center, we will collect information you provide directly about the transactions you engage in while on the Website or our National Customer Contact Center (including any data gathered through the Website and when you communicate with us through our National Customer Contact Center). This information may include payment and billing information as well as the nature, quantity and price of the goods or services you exchange, audio recording and/or transcripts of your communications with our National Customer Contact Center, and the individuals or entities with whom you communicate or transact business.

---

[1] https://www.stanleysteemer.com/privacy-policy (last accessed May 22, 2024).
[2] https://www.stanleysteemer.com/ccpa-privacy-notice (last accessed May 22, 2024).
[3] https://steemersandiego.com/ccpa-privacy-notice/ (last accessed May 22, 2024).

**I.     Defendant's Use of Genesys' Software**

19. Defendant records and monitors its customer-agent calls through cloud-based software platforms, including software developed by Genesys.

20. Genesys' software comprises a suite of tools which are focused on streamlining call centers and allowing companies to monitor and analyze customer-agent calls. For example, Genesys' software allows for scripting of IVRs (interactive voice responses), the automated system which allows customers to "speak" with an artificial agent which then routes them to the appropriate live-person agent. The software also contemporaneously records the contents of the calls.

21. In its marketing,[4] Genesys promises that its "[i]nteraction recording captures and stores exchanges between customers and agents," and that it "[r]ecord[s] 100% of interactions without any data loss."

22. Defendant deliberately implemented the call recording and monitoring features of Genesys' software to improve its quality management system. In a testimonial on the Genesys website,[5] a Stanley Steemer representative describes the company's use of Genesys' software: "Stanley Steemer uses the quality management capability – recording all calls along with a large percentage of screen captures. ... Now, the agent can find the call or screen recording much faster than before."

23. Moreover, Defendant deliberately monitors and records customer phone calls but, as stated, fails to notify customers or to otherwise obtain their consent. For example, when a customer calls Defendant's customer service number and is connected to an agent, there is no disclaimer.

---

[4] https://www.genesys.com/capabilities/quality-assurance-and-monitoring (last accessed May 22, 2024).

[5] http://genesys.com/customer-stories/stanley-steemer (last accessed May 21, 2024).

**II.     Defendant's Use of Nextiva's Software**

24.     Defendant also uses a cloud-based Voice over Internet Protocol (VoIP) system called Nextiva to manage customer-agent interactions, including recording and monitoring inbound and outbound customer calls.

25.     Nextiva advertises that with its software, companies can "[s]ilently record any phone call made through [its] telephone system ...."[6]

26.     In a client testimonial on Nextiva's website,[7] a representative from Stanley Steemer states, "By listening to calls, we can review what our CSAs are doing, how we can make ourselves better, and improve the experience for our customers."

27.     As part of a case study,[8] Nextiva writes of Stanley Steemer that "[t]hey take advantage of the Call Recording and Analytics features.  They record their CSAs to listen for coaching, and utilize the recordings to improve ...."

28.     In the same case study, Nextiva lists "call recording" as one of Stanley Steemer's "favorite features."



**III.    Plaintiff's Interactions with Defendant**

29.     On May 5, 2024, Plaintiff Hofer placed a call to Stanley Steemer's customer service line.  Plaintiff was never told that the call was being recorded, and he never consented to that recording.

---

[6] https://www.nextiva.com/products/voip-phone-system.html (last accessed May 22, 2024).

[7] https://www.nextiva.com/customer-story/stanley-steemer-case-study (last accessed May 22, 2024).

[8] https://www.nextiva.com/downloads/case-studies/Stanley-Steemer.pdf (last accessed May 22, 2024).

30. Because Defendant did not disclose to Plaintiff that the call was being recorded, he reasonably expected that his communications with Defendant and its agent during the call were not being recorded. These communications were therefore "confidential" as defined by California Penal Code § 632(c). On information and belief, Defendant was, in fact, recording Plaintiff's call and captured the entire contents of his communications using software created by Genesys, Nextiva, and/or others.

31. Defendant's policy of monitoring and recording calls without informing customers is a uniform practice and occurs anytime a customer has a phone call with Defendant.

## CLASS ALLEGATIONS

32. ***Class Definitions***. Plaintiff Gregory Hofer brings this action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure on behalf of a class of similarly situated individuals, defined as follows (the "Section 632 Class"):

> All individuals who, while physically present in California, participated in an inbound or outbound telephone call with Stanley Steemer or one of its agents.

33. Plaintiff also seeks to represent a class, defined as follows (the "Section 632.7 Class"):

> All individuals who, while physically present in California and using a cellular telephone, participated in an inbound or outbound telephone call with Stanley Steemer or one of its agents.

34. Specifically excluded from the Classes are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by the Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with the Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

35.     **Numerosity**.  Members of the Classes are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Classes number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

36.     **Commonality**.  Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)     Whether Defendant has a policy and practice of recording and/or monitoring telephone conversations with customers;

(b)     Whether Defendant notifies customers that it is recording them;

(c)     Whether Defendant obtains a customer's consent to be recorded at the outset of the telephone call;

(d)     Whether Defendant instructed its agents to record and monitor calls without disclosing to customers that they were doing so;

(e)     Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632 and invaded Plaintiff and the Class's privacy rights in violation of the California Constitution;

(f)     Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7;

(g)     Whether Plaintiff and the Classes are entitled to injunctive relief under Cal. Penal Code § 637.2(b) to enjoin or restrain Virgin Atlantic from committing further violations of Cal. Penal Code §§ 632 and 632.7;

(h)     Whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

37. **_Typicality_**.  The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class members, called Stanley Steemer's customer service line using his phone, and Stanley Steemer recorded his communications without his consent.

38. **_Adequacy_**.  Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

39. **_Superiority_**.  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents the potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

40. Plaintiff brings all claims in this action individually and on behalf of members of the Classes against Defendant.

## COUNT I
### Violation of Cal. Penal Code § 632

41. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

42. Plaintiff brings this Count individually and on behalf of the members of the putative Section 632 Class.

43. California Penal Code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a confidential communication, uses [a] ... recording device to ... record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation.

44. A defendant violates Section 632 unless it can show it had the consent of all parties to a communication prior to the moment the recording was made.

45. Defendant, using computer software, intentionally monitored and recorded the telephonic communications between Plaintiff, and the members of the Section 632 Class, and its agents.

46. At no time did Defendant or any of its agents inform Plaintiff or the members of the Section 632 Class that the recording of their telephonic communications was taking place, and at no time did Plaintiff or the members of the Section 632 Class consent to this activity.

47. These communications are "confidential communications" per Section 632 because Plaintiff and Class members had objectively reasonable expectations of privacy with respect to any personal or financial information they disclosed during these communications.

48. Defendant has therefore violated Cal. Penal Code § 632(a) by intentionally recording Plaintiff and the members of the Classes' telephonic communications without first notifying them or obtaining their consent.

49. Accordingly, Plaintiff and the members of the Classes have been injured by Defendant's conduct and, pursuant to Cal. Penal Code § 632, each seek damages of $5,000 per violation.

## COUNT II
### Violation of Cal. Penal Code § 632.7

50. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

51. Plaintiff brings this Count individually and behalf of the members of the putative Section 632.7 Class.

52. California Penal Code § 632.7(a) prohibits the same conduct as described in Section 632 and extends this prohibition to communications involving a cellular telephone.

53. Though similar, Cal. Penal Code § 632 and § 632.7 are not duplicative and protect separate rights.

54. Cal. Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone because it does not have the "confidential communication" requirement of Cal. Penal Code § 632.

55. A defendant violates Section 632.7(a) unless it can show that it had the consent of all parties prior to the moment the recording was made.

56. Defendant, using computer software, intentionally monitored and recorded the telephonic communications between Plaintiff, and the members of the Section 632.7 Class, and its agents.

57. At no time did Defendant or any of its agents inform Plaintiff or the members of the Section 632.7 Class that the recording of their telephonic communications was taking place and at no time did Plaintiff or the members of the Section 632.7 Class consent to this activity.

58. Defendant has therefore violated Cal. Penal Code § 632.7(a) by intentionally recording Plaintiff or the members of the Section 632.7 Class's telephonic communications without first notifying them or obtaining their consent.

59. Accordingly, Plaintiff and the members of the Section 632.7 Class have been injured by Defendant's conduct and, pursuant to Cal. Penal Code § 632.7, each seek damages of $5,000 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgement against Stanley Steemer, as follows:

(a) For an order certifying the putative Classes and naming Plaintiff as the representative of the classes, and Plaintiff's attorneys as Class Counsel to represent the putative Classes;

    (b) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

    (c) For an order finding in favor of Plaintiff and the putative Classes on all counts asserted herein;

    (d) For statutory damages in amounts to be determined by the Court and/or jury

    (e) For prejudgment interest on all amounts awarded;

    (f) For injunctive relief as pleaded or as the Court may deem proper; and

    (g) For an order awarding Plaintiff and the putative Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated:  May 24, 2024    **BURSOR & FISHER, P.A**.

        By: */s/ Brittany S. Scott*
          Brittany S. Scott

        L. Timothy Fisher (State Bar No. 191626)
        Brittany S. Scott (State Bar No. 327132)
        1990 North California Blvd., Suite 940
        Walnut Creek, CA 94596
        Telephone: (925) 300-4455
        Facsimile: (925) 407-2700
        E-mail: ltfisher@bursor.com
           bscott@bursor.com

        *Attorneys for Plaintiff*